IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS RIVAS,

      Plaintiff,

v.                                                           No. 1:25-cv-00357-MIS-SCY

VERONICA DEBBIE RIVAS,

      Defendant.

## ORDER OF DISMISSAL

On April 11, 2025, *pro se* Plaintiff filed a Complaint alleging that Ramon F. Rivas gave Plaintiff some land and that Defendant is living on the land without Plaintiff's permission and has not left. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2-3, 13, ECF No. 1 ("Complaint"). Plaintiff seeks rent for Defendant residing on Plaintiff's land and an order for Defendant to vacate the land. *See id.* at 2, 8. Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."

On April 15, 2025, United States Magistrate Judge Steven C. Yarbrough issued an Order to Show Cause notifying Plaintiff:

> First, it appears the Complaint fails to state a federal claim upon which relief can be granted. Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Here, Plaintiff's claims pursuant to 42 U.S.C. § 1983 contain no allegations that Defendant deprived Plaintiff of a federally protected right and was acting under color of state law.
>
> If the Court dismisses Plaintiff's federal law claim, then the Court may dismiss any potential state law claims, such as those for rent restitution. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged

the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

Second, it also appears that this case may be barred by the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine because Plaintiff indicates he has other cases against Defendant in state court regarding this matter. *See* Complaint at 4, 7-10 (indicating that a trial in Espanola Magistrate Court on Plaintiff's complaint for a writ of restitution/execution for property was set for January 28, 2025).

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *see also D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional.") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine, on the other hand:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order to Show Cause at 2-4, ECF No. 5.

Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See id.* at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause or file an amended complaint by the May 6, 2025, deadline.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses Plaintiff's state law claims. Having dismissed all of Plaintiff's claims, and with no other matters pending, the Court dismisses this case.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE